Dear District Attorney Burton:
We are in receipt of the request on behalf of the Beauregard Parish Police Jury for our opinion regarding the requirement to call a tax election in Ward One of the Parish upon the petition of the electorate of the ward, concerning fencing of the ward.
We have reviewed your legal opinion and concur in general. However, we are of the opinion that the petitioners do have the authority to request this election pursuant to R.S. 18:1283 and R.S. 39:702. R.S. 18:1283(B) provides:
 B. The governing authority of the political subdivision may call a special election for any of these purposes to be held on any of the dates set forth in R.S. 18:402(F), and it shall call an election for any of these purposes when requested to do so by the petition in writing of one-fourth of the electors qualified to vote at an election. (Emphasis added).
R.S. 39:702 provides:
 § 702. Special taxes; purposes
 Under provisions of the constitution other than Article 14, Section 14, the governing authority of any subdivision listed in the preceding section may call a special election for the purpose of submitting to the property taxpayers authorized to vote at the election, a proposition to levy a special tax for the purpose of giving additional aid to public schools and constructing or purchasing any work of public improvement in keeping with the objects and purposes for which the subdivision was created. The title to these improvements shall vest in the public or in the subdivision in which the tax is levied.
 At the same election as that for the levy of special taxes, or at some other election, similarly called and held, a proposition may be submitted to the property taxpayers under Article 14, Section 14 of the constitution of 1921, as to whether or not they will vote an acreage tax not to exceed fifty cents per acre and to fund it into bonds. (Emphasis added).
We do have concerns as to the constitutionality of the details of the petition. For example, the petition explains that "cattle-guards shall be placed at all private exits and entrances", which is clearly a prohibited use of public funds under Article 7, Section 14 of the 1974 Louisiana Constitution. See, Atty.Gen.Op. No. 78-425 where it was found that the police jury could not shell private parking lots and access roads to schools, churches and cemeteries, nor could they improve roads leading to the homes of the poor, "nor may they shell a private drive even if for a public purpose".
Thus, it is our opinion that the police jury has two options herein, (1) to refuse to submit the proposition to the voters due to the questions of the constitutionality of the matter, or (2) to seek a declaratory judgment in the appropriate judicial district to have a judicial determination as to this matter.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb